FILED
MISSOULA, MT

2006 SEP 28 PM 3 00

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| Robert Lysle Rose, | ) | Cause No. 04-CV-52-M-DWM-JCL |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| EARL STRUBECK AND JOHN HODGE, | ) | |
| Defendant. | ) | |

## I. Introduction[1]

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on August 28, 2006. Plaintiff and Defendants timely objected preserving their rights to de novo review of the record. 28 U.S.C. § 636(b)(1).

Upon consideration of the Defendants' motion for summary judgment, Judge Lynch recommended that the motion be granted and

---

[1] The Parties being familiar with the factual background of the case, details will be restated only when necessary.

-1-

that Plaintiff Robert Lysle Rose's Complaint be dismissed with prejudice. I agree with Judge Lynch's analysis and find that summary judgement is appropriate.

## II. Analysis

### A.  Defendants' Motion for Summary Judgment

### 1.  Plaintiff's § 1983 claim that Defendants improperly imposed conditions of probation on him in violation of his due process and First and Fourth Amendment rights.

Montana law dictates that sentencing restrictions on civil and constitutional rights can only be validly imposed by the sentencing court. Mont. Code Ann. § 46-18-801(1); State v. Field, 302 Mont. 62, 11 P.3d 1203 (Oct. 18, 2000); U.S. v. Brooks, 270 Mont. 136, 890 P.2d 759 (1995). This Court agrees with judge Lynch that the state district court was correct in its determination that Mr. Rose was improperly placed under conditions of probation exceeding a requirement to pay restitution.

This Court also agrees that Defendants are entitled to summary judgment with respect to Plaintiff's claims. Messrs. Hodge and Strubeck were not responsible for the imposition of the improper conditions of probation, and as such, can bear no liability under § 1983. Personal involvement with the violation is required, as liability cannot be imposed vicariously. See Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). The record shows that Defendant Strubeck was not involved in the imposition of the conditions, and was not aware that the conditions of

-2-

probation were not imposed by the sentencing court until the November 2, 2001 judgment of the state district court dismissing the motions for revocation. The record also shows that Defendant Hodge was not present at the time the standard form was prepared, nor did he initial any special conditions on that form. He was not informed by the Plaintiff that the he should not be under probationary supervision. There is no evidence that Defendant Hodge's failure to verify that the conditions of probation were authorized by the sentencing court was anything other than negligence, and as such, this failure does not impose liability under § 1983. See Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Given that the facts Plaintiff offers to show that genuine issues of material fact exist as to the involvement of the Defendants in the imposition of the probationary conditions are insufficient to overcome the necessary burden, summary judgement as to Plaintiff's § 1983 claims that Defendants violated his due process and First and Fourth Amendment rights is appropriate.

**2.   Plaintiff's federal and state malicious prosecution claims**

Defendants should also be granted summary judgement on Plaintiff's federal and state malicious prosecution claims. The facts do not show that the Defendants acted with malice in their participation in the prosecution of the Plaintiff, a requirement for establishing a claim of malicious prosecution under both

state and federal law. See Awaby v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); Plouffe v. Mont. Dep't of Pub. Health & Human Servs., 309 Mont. 184, 190 (2002). There are no facts which support the idea that the prosecutor was influenced by the Defendants in making his decision to prosecute, and Plaintiff's allegations that the Defendants provided false information in their Reports of Violation upon which the prosecutor knowingly relied is unsupported by any evidence.

### 3.  **Plaintiff's claim of defamation**

Plaintiff presents no evidence that the Defendants had any role in the publication of his arrest in a local newspaper, nor does the Plaintiff explain how the publication of the mere fact of his arrest constitutes libel. Summary judgment on Plaintiff's defamation claim should be granted.

### 4.  **Plaintiff's claim of intentional infliction of emotional distress**

As Judge Lynch stated in his recommendation, it does not appear that Plaintiff intends to pursue his claim of intentional infliction of emotional distress. There is no mention of intentional infliction of emotional distress in the Statement of Genuine Issues, nor is it mentioned in his Reply Brief or his Objection.  In any event, Plaintiff has provided no evidence to suggest that he suffered emotional distress as a result of the treatment he received from the Defendants.  As such, summary judgment on this claim is appropriate.

-4-

B.  **Defendants' objection that Plaintiff's illegal imprisonment was not sufficiently prejudicial to constitute a violation of due process.**

Defendants object to Judge Lynch's finding that the illegal incarceration of the Plaintiff constituted sufficient prejudice to sustain his due process claim. In their objection, Defendants restate their argument that Mr. Rose has presented no evidence that he "has suffered any prejudice as a result of the time which elapsed between his May 19 and July 14, 2001 arrests and his August 24, 2001 revocation hearing." Defendants' Objection at 2 (quoting Defendants' Brief at 16). Defendants maintain that case law dictates that a plaintiff is required to produce evidence showing that the "time lapse somehow hindered or prevented him from mounting a defense to his revocation proceedings" in order for the plaintiff to have demonstrated a sufficient level of prejudice to sustain a due process claim.

Defendants cite Benny v. United States Parole Comm'n, 295 F.3d 977 (9th Cir. 2002); Vargas v. United States Parole Comm'n, 865 f.2d 191 (9th Cir. 1988); Hopper v. United States Parole Comm'n, 702 F.2d 842 (9th Cir. 1983) in support of their contention.  All three cases concern a probationer or parolee petitioning for habeas relief in the wake of a revocation hearing. In the present instance, Mr. Rose has alleged a due process violation on the basis that he was provided with no opportunity for pre-deprivation process in relation to his probation violation and arrest. The Supreme Court has ruled that

due process requires that a probationer or parolee receive the benefit of a preliminary or informal inquiry conducted by someone not involved in the case as well as a final, formal hearing before revocation of probation or parole. Morrissey v. Brewer, 408 U.S. 471, 485 (1972). "Such an inquiry should be seen as in the nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee [or probationer] has committed acts that would constitute" a violation, and should be conducted "as promptly as convenient after arrest." Id. The parolee or probationer should be notified that the hearing is to take place, told that its purpose is to determine whether there is probable cause that a violation has occurred, and informed of the violations he is alleged to have committed. He should also be afforded the opportunity to speak on his own behalf and to confront witnesses or informants against him. Id. at 487. In the absence of a prompt hearing, a parolee or probationer is the victim of a due process violation only when he establishes that the delay "'was both unreasonable and prejudicial.'" Vargas, 865 F.2d at 194 (quoting Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1996)).

It is clear from the record in this case that no such hearing was given to Mr. Rose. After his July 14, 2001 arrest Mr. Rose was placed in custody, where he remained until he was able

to post bond on September 1, 2001. In the intervening period he was given only a final revocation hearing, which occurred on August 24, 2001. On November 2, 2001, the Fifth Judicial District Court for Beaverhead County ordered that the revocation petition be denied and found that Mr. Rose had been improperly arrested, as the probationary conditions he was charged with violating were not imposed by the sentencing judge. Mr. Rose was incarcerated for 50 days. He was detained without any sort of hearing for 43 days.

Defendants object to the Magistrate's finding that Mr. Rose's illegal incarceration was unreasonable or prejudicial enough to sustain a due process claim. At this point, the Court recognizes that the question of prejudice was not, in fact, dispositive as to the decision made by the Magistrate regarding the due process portion of Plaintiff's complaint. Judge Lynch found that the Defendants had fulfilled their requirements under the relevant state statutes by filing the reports for which they were responsible in a timely fashion, and thus, determined that these particular Defendants could not be held liable for any due process violation which may have occurred. As stated above, I agree with Judge Lynch's analysis. This Court declines the Defendants' invitation to rule on whether Mr. Rose's 43-day imprisonment before receiving a revocation hearing constitutes a due process violation.

### III. Order

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE. This Court makes no ruling with respect to whether Plaintiff's incarceration constitutes prejudice sufficient to sustain a due process claim.

DATED this 25th day of September, 2006.

Donald W. Molloy, Chief Judge
United States District Court